## 42886. LEBRUN v. THE STATE.
(339 SE2d 227)

CLARKE, Justice.

Appellant, Marcel Lebrun, was convicted in the State Court of Cobb County for the offenses of driving without a license, driving without a tag and operating a motor vehicle while wearing a device which impairs hearing. He appeals to this court contending that the law requiring a license to drive is unconstitutional. We find his conviction to be valid and affirm.

Lebrun was stopped by Cobb County police officers who observed him driving with headphones and without a valid license tag. After being stopped and asked for his license, Lebrun informed the officer he was traveling as a matter of right. When a check revealed that Lebrun had an expired license, no tag or insurance he was placed under arrest.

1. Lebrun contends that the license requirement, OCGA § 40-5-20, infringes his right of locomotion as a common law freeman exercising his right to travel on public ways. We have stated that the right to travel by operating a motor vehicle on the roads of this state is a "qualified right" which a citizen exercises by obtaining a license from the state. *Johnston v. State,* 236 Ga. 370 (223 SE2d 808) (1976). Under the police power and for the protection of the public, it is constitutionally permissible for the state to impose reasonable conditions to qualify for a license. *Dennis v. State,* 226 Ga. 341 (175 SE2d 17) (1970). Appellant does not allege or show any unreasonable conditions, but argues that to require any license is too hard of a burden for a freeman to bear. We disagree and find no constitutional violation in the fact that the state requires a license to drive.

2. We also find no error in the trial court's denial of Lebrun's motion for counsel not a member of the State Bar of Georgia. Indigency was not an issue. The trial court informed Lebrun at a pre-trial hearing that he could hire any member of the Georgia bar and that

the court would allow an appearance by the member of a bar of another state pro hac vice. While an accused has a right to representation by an attorney and to represent himself, there is no right to be represented by a non-lawyer third party and we hold there was no error in the denial of Lebrun's motion.

3. We also reject appellant's claim that his conviction was invalid because the arresting officers did not advise him of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). When a violator is placed in custody or under arrest at a traffic stop the protection of *Miranda* arises; however, roadside questioning at a routine stop does not constitute such a custodial situation. *Berkemer v. McCarty*, __ U. S. __ (104 SC 3138, 82 LE2d 317) (1984). Any statements made by Lebrun were made in response to routine roadside questioning. After his arrest no statement was taken. There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 12, 1986.

Marcel Lebrun, *pro se.*
*Bruce D. Hornbuckle,* for appellee.