## 71875. THE STATE v. HILL.
### (344 SE2d 491)

DEEN, Presiding Judge.

On January 24, 1985, a state patrol trooper was called to investigate a vehicular accident in Coffee County. Upon arriving at the scene, the trooper observed an overturned Ford pick-up truck and discovered that the appellee, Gordon Raymond Hill, Jr., had already been transported to the hospital. The trooper went to the hospital, where, in response to the trooper's inquiry as to how the accident had occurred, Hill stated that "I swerved to miss a dog," (or some other animal) causing him to lose control of the vehicle. Because Hill appeared to be highly intoxicated, the trooper then advised him of his implied consent rights, and approximately two hours later Hill submitted to a blood test which revealed a blood alcohol content of .27 grams. At that time, Hill never denied being the driver of the vehicle.

Subsequently, Mark Harper, a friend of the appellee, came forward and testified by affidavit that he had been the driver of the truck at the time of the accident. He had removed Hill from the overturned vehicle and summoned help. He had not come forward earlier because he had been working in Florida. Based upon that testimony, Hill moved for dismissal, and the trial court granted that motion. This appeal by the state followed. *Held*:

Driving a vehicle while intoxicated may be shown by circumstantial evidence, which must exclude every other reasonable hypothesis in order to support a conviction. *Fuller v. State,* 166 Ga. App. 734 (305 SE2d 463) (1983); *Lewis v. State,* 149 Ga. App. 181 (254 SE2d 142) (1979). In the instant case, there was circumstantial evidence to show that Hill had been the driver of the truck at the time of the incident; specifically, Hill's father owned the vehicle, and the plain and ordinary meaning of Hill's remark to the investigating state trooper at the hospital, i.e., "I swerved . . . ," was that Hill had been driving the vehicle. This evidence sufficed to establish a question for jury resolution, notwithstanding the testimony of Mark Harper that he had been the driver. See *Lewis v. State,* supra. The jury is the best "doctor of doubt." *City Dodge v. Gardner,* 130 Ga. App. 502 (203 SE2d 729) (1973).

The appellant also contends that Hill's failure to deny being the driver at the time he was charged with driving under the influence should be considered an admission by acquiescence or silence. The Supreme Court has decided otherwise in *Howard v. State,* 237 Ga. 471 (228 SE2d 860) (1976).

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986.

*Dewey Hayes, Jr., Solicitor,* for appellant.
*William V. Evans,* for appellee.