## 76547. HALL v. THE STATE.
(373 SE2d 32)

McMURRAY, Presiding Judge.

Defendant was convicted of violation of the Georgia Controlled Substances Act (possession of cocaine). The evidence at a jury trial, construed most favorably to support the jury's verdict, was as follows:

At approximately 2:30 or 3:00 in the morning on March 8, 1986,

Investigator James A. Jordan of the Brunswick Police Department responded to a tip that "Marianne Whitfield, a/k/a Marianne Bell . . ." would be in a two-door Ford automobile at the Oleander Motel and that there would be "a quantity of cocaine . . ." in the car. Investigator Jordan spotted "[t]he vehicle . . . coming out of the front part of the Oleander Motel [and] observed in the vehicle, the driver to be Marianne Whitfield, a/k/a Marianne Bell." The investigator followed the suspect vehicle in his "unmarked" patrol car down several streets and through a restaurant parking lot, noticed that the vehicle was "going at a slow rate of speed . . ." and observed a passenger in the vehicle "sticking his head . . . continuously out the window." The investigator "fell in behind the vehicle . . . put [his] blue light on the dash and ended up stopping the vehicle. . . ."

Investigator Jordan approached the vehicle from the driver's side, identified himself and displayed his badge. The passenger "door came open quickly, as if the passenger . . . was fixing to run . . . ," and, at that moment, Investigator Jordan recognized that the passenger was defendant. The investigator ordered defendant to remain in the vehicle and then observed defendant pour white powder "out of a clear plastic bag." The powder fell onto defendant and onto the seat and floorboard of the car. Investigator Jordan then arrested defendant, took him into police custody and advised him of his *Miranda* rights.

While in custody, defendant "stated that he just bought a twenty cent piece [$20 worth] of cocaine and that he . . . had the cocaine out and was taking a bump off the cocaine (imbibing the drug by inhalation) when he observed [Investigator Jordan] behind him." Defendant further stated "that he got nervous because [Investigator Jordan] was behind him and dropped the cocaine, spilling it down the front of his shirt[,] in the seat and on the floor [of the car]." Investigator Jordan collected some of the white powder from the automobile where defendant was a passenger and later discovered that it tested positive for the presence of cocaine. From this and other evidence adduced at trial, defendant was found guilty. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant's appellate counsel, different from trial counsel, asserts the general grounds in four enumerations of error, arguing that the evidence was insufficient to support the jury's verdict. This argument is without merit. Defendant's admission, along with other evidence showing that cocaine was on the seat and floorboard on the passenger side of the automobile in which defendant was a passenger, was more than sufficient to authorize a rational trier of fact to find that defendant was guilty of possession of cocaine beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Next, defendant's appellate counsel assigns eight enumerations of error which are asserted to be "at the specific instance and request of [defendant], acting pro se, and requesting same without benefit of any consultation with [his attorney]." Defendant has submitted correspondence, pro se, supporting some of the alleged errors. In an abundance of caution, we have considered these additional enumerations of error and find them to be without merit. See *Conyers v. State*, 183 Ga. App. 591 (359 SE2d 454) and *Veit v. State*, 182 Ga. App. 753 (357 SE2d 113).

3. In view of defendant's pro se contention that he was denied effective assistance of counsel, we remand this case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel. As this concludes the present appeal, in order to prompt an appellate review of some future order entered by the trial court, a new notice of appeal must be filed.

*Judgment affirmed and case remanded for hearing pursuant to Division 3. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 8, 1988

James Hall, *pro se.*
Glenn Thomas, Jr., *District Attorney*, Richard H. Taylor, *Assistant District Attorney*, for appellee.