A89A0174. GRIFFIN v. THE STATE.
(381 SE2d 562)

McMURRAY, Presiding Judge.

Defendant Griffin appeals his conviction of the offenses of driving under the influence of alcohol and "failure to maintain lane." (OCGA § 40-6-48 (1).) *Held*:

1. Defendant enumerates as error the denial of his motion for directed verdict of acquittal. The State's evidence is that defendant was driving on an interstate highway at 5:15 a.m. The defendant's vehicle was in the far right lane before it crossed over the line on the shoulder of the road and then crossed back across the lane and drove straddling the lane line between the center lane and right lane. At that point defendant was pulled over. When defendant got out of his car he smelled strongly of alcohol and needed support from his car to

stand up. Defendant's face was flushed, his eye watering and his speech hesitant. After defendant failed a number of field sobriety tests he was placed under arrest. The result of an intoximeter test was .11 grams percent of alcohol in defendant's blood. There was sufficient evidence presented to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court did not err in denying defendant's motion for directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 526 (1) (314 SE2d 436); *Cameron v. State*, 187 Ga. App. 562 (3) (370 SE2d 812).

2. Defendant contends the trial court erred in permitting the State to elicit testimony regarding defendant's response to the arresting officer's inquiry as to whether "he'd been drinking." Defendant argues that his response was not admissible because he was not advised of his *Miranda* rights. (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694.)

The statement in question was made before defendant was placed under arrest. A motorist detained pursuant to a roadside questioning at a routine stop is not in a custodial situation triggering the *Miranda* warning. *Lebrun v. State*, 255 Ga. 406, 407 (3) (339 SE2d 227). "Since defendant was not taken into custody for *Miranda* purposes until the officer arrested him shortly after he made the statements complained of here, his statements prior to the arrest were admissible against him." *Lipscomb v. State*, 188 Ga. App. 322 (372 SE2d 853).

3. Defendant enumerates as error the trial court's charge on intent, arguing that the charge given was burden-shifting and authorized the jury to draw conclusions without supporting evidence. The portion of the charge on intent of which defendant complains states that: "[Intent] may be inferred from the proven circumstances or by acts and conduct, or it may be, in your discretion, inferred when it is the natural and necessary consequences of the act." While this language is somewhat similar to that disapproved in *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344), the language charged in the case sub judice is not subject to the impermissible interpretations disapproved in *Francis*. The language at issue authorizes a permissive inference "which allows but does not require the jury to infer an ultimate fact from proof of a basic fact. It places no burden on the defendant; it merely advises and guides the jury as to what conclusions they might draw from circumstantial evidence presented at trial. A defendant challenging a permissive presumption or inference must demonstrate its invalidity as it applies to him. *Williamson v. State*, 248 Ga. 47, 54 (281 SE2d 512) (1981).

"[Defendant] has failed to demonstrate that the charge given in

this case violated his due process rights. The basic facts and the facts that may be inferred from those basic facts are rationally connected, and the latter are more likely than not to flow from the former. See *County Court of Ulster County, N. Y. v. Allen,* 442 U. S. 140 (99 SC 2213, 60 LE2d 777) (1979)." *Pollard v. State,* 249 Ga. 21, 22 (2) (287 SE2d 189).

Defendant's reliance upon *Powell v. State,* 187 Ga. App. 878, 879 (4), 880 (372 SE2d 234) is misplaced. "The law does not draw 'conclusions' as to intent or other factual matters. Factual decisions and conclusions are matters that belong exclusively to the province of the jury." *Powell v. State,* 187 Ga. App. 878, 879 (4), 880, supra. Unlike the court's charge in *Powell,* the charge in the case sub judice places factual decisions and conclusions in the hands of the jury.

The charge at issue in no way relieved the State of its burden of proof. Nor did this charge authorize the jury to reach a factual conclusion without supporting evidence, the charge permitting inferences from "proven circumstances." We find no error. *Pollard v. State,* 249 Ga. 21, 22 (2), supra. See also *Williams v. Kemp,* 255 Ga. 380 (338 SE2d 669).

4. Defendant enumerates as error the denial of his motion for mistrial predicated upon the State's statement during argument to the jury: "But ask yourself have you heard any testimony from those people, from his friends." While defendant's brief seems to argue that this statement was an impermissible comment on defendant's failure to testify, we note that defendant did testify at trial. Nor do we view the State's argument as an appeal to the passions and prejudices of the jury. We view the remarks to be a permissible comment on defendant's failure to adduce evidence rebutting the State's evidence. *Stephens v. State,* 185 Ga. App. 825, 826 (3) (366 SE2d 211); *Gardner v. State,* 172 Ga. App. 677, 681 (10) (324 SE2d 535).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 11, 1989.

*Harrison & Harrison, G. Hughel Harrison,* for appellant.
*Gerald N. Blaney, Jr., Solicitor,* for appellee.