## A89A2027. CRUM v. THE STATE.
(390 SE2d 295)

POPE, Judge.

The defendant appeals the trial court's denial of his motion to suppress and motion in limine regarding field sobriety tests conducted by the trooper who stopped defendant for speeding. Prior to trial, defendant entered guilty pleas to charges of speeding and failure to show proof of insurance. After a jury trial, defendant was convicted of DUI.

Trooper Land testified that he stopped defendant for speeding. Upon request, defendant produced his driver's license, but could not produce, even after searching for it, proof of insurance. The officer asked defendant to step to the rear of his car and noted that he appeared to be somewhat intoxicated. At that point, the officer asked defendant to submit to some field sobriety tests: the nystagmus test,

the eye convergence test, holding his head back and closing his eyes and reciting the alphabet. From these, the officer determined that defendant was under the influence and placed him under arrest. He then advised defendant of his *Miranda* rights and his implied consent rights. From the time of the initial stop to the time of the arrest, approximately ten minutes elapsed.

Defendant argues that his motions to suppress and in limine to exclude the evidence of the field sobriety tests should have been granted because he was effectively in custody when he could not produce proof of insurance, and the failure of the officer to advise him at that point of his rights pursuant to *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), rendered the tests unconstitutional. *Held*:

"When a violator is placed in custody or under arrest at a traffic stop the protection of *Miranda* arises; however, roadside questioning at a routine stop does not constitute such a custodial situation. [Cit.]" *LeBrun v. State,* 255 Ga. 406, 407 (339 SE2d 227) (1986).

"The test for determining whether a person is 'in custody' at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary. *Berkemer v. McCarty,* 468 U. S. 420, 442 (104 SC 3138, 82 LE2d 317) (1984)." *Hughes v. State,* 259 Ga. 227, 228 (378 SE2d 853) (1989).

The trial court found that the trooper had no intention of taking the defendant into custody for the speeding or insurance violations. It was only when the trooper smelled alcohol that he began his inquiry that led to the field sobriety tests and to the arrest. An examination of the record supports this conclusion as well as the conclusion that a reasonable person would not have perceived that the detention would be other than temporary until defendant was arrested for DUI. Defendant argues that he was not free to leave once he failed to produce proof of insurance. However, the record shows that the officer testified that at that point he had not concluded his questioning, but had not determined whether defendant should be placed in custody.

The record also supports the trial court's finding that defendant voluntarily agreed during routine questioning to perform the field sobriety tests and that OCGA § 24-9-20 was not applicable here. This ruling was correct. *Montgomery v. State,* 174 Ga. App. 95 (1) (329 SE2d 166) (1985).

"On appeal of the denial of a motion to suppress, the evidence is to be construed most favorably to the upholding of the findings and judgment made. The trial court's findings must be adopted unless determined to be clearly erroneous." (Punctuation and citations omitted.) *Watson v. State,* 190 Ga. App. 696 (379 SE2d 817) (1989). The record in the present case supports the trial court's denial of the motions.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 19, 1990.

*Scott & Quarterman, Bradley S. Wolff, Howard T. Scott*, for appellant.

*Ken Stula, Solicitor*, for appellee.