A91A1433. McCLENDON v. THE STATE.
(410 SE2d 760)

BIRDSONG, Presiding Judge.

Johnny Eugene McClendon appeals his judgment of conviction of DUI and driving with an unlawful alcohol concentration in violation of OCGA § 40-6-391 (a) (1) and (4), respectively.

A county police officer observed a Camaro automobile stopped in the emergency lane of an entrance ramp on I-285; the brake lights of the car were on but no one could be seen inside the vehicle. As the officer approached the car, he observed appellant unconscious and slumped across the front seat; he noticed that the car's engine was running and the car was in "drive." Before appellant awoke, the officer smelled a strong odor of alcohol coming from appellant and his car. For approximately five minutes the officer attempted to awake appellant by shaking and pushing him and by talking loudly to him. After appellant awoke and became relatively oriented, he was asked if he were okay, as the officer was going to call an ambulance. After being told appellant was okay, the officer asked him for his driver's

license and inquired as to whether he had been drinking. Appellant admitted he had been drinking and was then asked to exit the car and perform certain field sobriety evaluation tests, which he failed. At the point where appellant exited the vehicle, he was no longer free to go; after failing the sobriety tests, appellant was placed under arrest for DUI and transported to the county law enforcement office. During transport, appellant begged the officer not to arrest him and stated he had stopped because he could not go on any further as he was too intoxicated. Subsequently, appellant was given a breath test, which showed a result of .14 grams percent. *Held*:

1. Appellant contends the trial court erred in admitting both his initial statement that he had been drinking and his subsequent statement that he had stopped because he was too intoxicated to drive any further, as he had not made an intelligent and knowing waiver of his *Miranda* rights.

(a) "When a violator is placed in custody or under arrest at a traffic stop the protection of *Miranda* arises; however, roadside questioning at a routine stop does not constitute such a custodial situation." *Lebrun v. State*, 255 Ga. 406, 407 (3) (339 SE2d 227); compare *Dixon v. State*, 196 Ga. App. 15, 18 (8a) (395 SE2d 577); *Griffin v. State*, 191 Ga. App. 302, 303 (2) (381 SE2d 562); *Hall v. State*, 188 Ga. App. 322 (373 SE2d 32). " 'The test for determining whether a person is "in custody" at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary. [Cits.]' " *Crum v. State*, 194 Ga. App. 271, 272 (390 SE2d 295); accord *Hughes v. State*, 259 Ga. 227, 228 (378 SE2d 853).

The initial statement made by appellant to the officer in response to a question as to whether he had been drinking is admissible. The uncontroverted evidence of record shows the initial statement by appellant was made at a time when appellant was neither under arrest nor in custody within the meaning of *Crum*. Appellant's initial admission that he had been drinking was made in response to roadside questioning during a routine traffic stop. *Lebrun*, supra; see also *Harper v. State*, 193 Ga. App. 551 (1) (388 SE2d 379).

Further, " '[o]n appeal of the denial of a motion to suppress, the evidence is to be construed most favorably to the upholding of the findings and judgment made. The trial court's findings must be adopted unless determined to be clearly erroneous.' " *Crum*, supra at 272. If a portion of the trial court's findings is erroneous and a portion of the findings is not clearly erroneous, that portion not clearly erroneous will be adopted by the appellate courts. The portion of the trial court's findings that would include a finding that the first statement of appellant admitting he had been drinking was made when appellant was not in "custody," was not clearly erroneous, and accordingly the findings to this extent are hereby adopted by this court.

(b) The statements made by appellant, begging the officer not to place him under arrest and admitting he stopped because he was too intoxicated to go any further, are shown by the record to have been made while appellant was in custody within the meaning of *Crum.* However, the evidence of record establishes that these statements were made by appellant voluntarily and not in response to any form of custodial questioning and interrogation. "[T]he necessity of administering *Miranda* warnings exists only when the individual is *interrogated* while in custody." *Ramos v. State,* 198 Ga. App. 65, 66 (2) (400 SE2d 353). As the record establishes that after appellant was in custody he was not interrogated by the officer, the *Miranda* warning was not required. *Cash v. State,* 224 Ga. 798, 799 (1) (164 SE2d 558); *Brown v. State,* 183 Ga. App. 476, 478 (2) (359 SE2d 233). We will not reverse the correct ruling of the trial court regardless of the reason given therefore. *Ely v. State,* 192 Ga. App. 203 (4) (384 SE2d 268).

2. The Supreme Court of Georgia has recently held that "trial courts may take judicial notice that the Intoximeter 3000 machine test results are based on accepted scientific theory or 'rest upon the laws of nature'; and, when the statutory requirements for admissibility are met, the results may be admitted into evidence without expert testimony regarding the scientific theory behind the operation of the test." *Lattarulo v. State,* 261 Ga. 124, 127 (3) (401 SE2d 516). Pretermitting whether the statutory requirements of OCGA § 40-6-392 for admissibility were met in this instance is the issue of waiver.

Before trial appellant filed a motion captioned, "Motion to Suppress Evidence of Intoximeter Test." The sole ground asserted therein for suppression was that appellant had not been advised, under the Georgia Implied Consent Law (OCGA § 40-6-392) of his right to have an additional test or tests performed by a qualified individual of his own choosing. OCGA § 40-6-392 (a) (3). At the suppression hearing and at trial, the officer testified he had twice advised appellant of his right to have additional testing under OCGA § 40-6-392, and that appellant understood this advice. Defendant at no time indicated a desire to have such additional testing. The trial court found that the officer "gave the legally required Implied Consent advisements." We hold that the trial court's finding in this regard was not clearly erroneous and thus must be adopted. *Crum,* supra at 272. Moreover, pretermitting the trial court's finding that a showing of appellant's understanding of this advisement of rights is not necessary to comply with the law, the record establishes without controversion that appellant did understand the rights of which he was advised. Accordingly, the trial court did not err in denying appellant's motion to suppress evidence of the intoximeter test at the suppression motion hearing.

During trial, the State introduced evidence as to the intoximeter

results of ".14 grams percent" without objection; in fact, appellant expressly posed "no objection" to the introduction of the printed slip from the Intoximeter 3000 which had recorded this test result. Subsequently, appellant made a motion for directed verdict on the grounds that, as to both counts, there was no evidence that appellant was driving the car. Thereafter, appellant amended the motion to assert that the evidence failed to show that appellant was in control of the car within three hours of the showing of the level of alcohol present in the blood. At no point, did appellant argue that an adequate foundation had not been laid for the admission of the results of the Intoximeter 3000. Except as to the sole issue litigated in support of appellant's so-called motion to suppress of intoximeter results (that is, the issue of advice as to additional testing), appellant failed to raise timely and specifically any issue as to lack of foundation for admissibility of intoximeter test results. As above held, appellant's assertion as to lack of advice as to additional testing is without merit. Regarding any remaining issues of admissibility due to lack of foundation, appellant has failed to make a timely and specific objection at trial as to those grounds and therefore has waived such issues on appeal. *Helms v. State*, 191 Ga. App. 283 (381 SE2d 428). Moreover, we find no basis in this record for disregarding the precedent created in *Calloway v. State*, 191 Ga. App. 383 (1) (381 SE2d 598). This enumeration of error is without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1991 —
RECONSIDERATION DENIED SEPTEMBER 20, 1991.

*Theron M. Moore*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, J. Cliff Howard, Andrew Rogers, Assistant Solicitors*, for appellee.