## A93A0388. MOON v. THE STATE.
### (431 SE2d 128)

McMURRAY, Presiding Judge.

Defendant was indicted for burglary in that "without authority and with intent to commit a theft therein [he] did enter a dwelling house of another. . . ." The evidence adduced at a jury trial revealed the following: On April 1, 1991, George Crowe ("the victim") returned home and, before entering the house, he looked through a window and noticed an intruder inside the house carrying a shotgun. The victim summoned the police and Sergeant Harry W. White of the City of Morrow Police Department arrived at the scene, entered the victim's home and discovered defendant in a bathroom splashing water on his face. Sergeant White searched defendant and found several keys in defendant's possession. One of the keys appeared to be newly cut, so Sergeant White tested it in the lock of the victim's door. The key unlocked the victim's door and the sergeant informed another officer of his discovery. Defendant then stated that it was his house key and that "me and [the victim] have the same front door lock, because my key opens his door." Sergeant White discovered that the victim and defendant were acquainted, but that defendant did not have permission to enter the victim's house.

Defendant was found guilty of burglary. This appeal followed. *Held*:

1. Defendant contends the trial court erred in allowing the State to introduce evidence of his statement to Sergeant White, i.e., "me and [the victim] have the same front door lock, because my key opens his door." Defendant argues that the statement was made in violation of his rights under *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694), and that the State failed to produce the statement within ten days of trial in violation of his OCGA § 17-7-210 demand.

(a) Even if the evidence indicates that defendant's statement to Sergeant White regarding the key was made while defendant was in custody (see *Crum v. State,* 194 Ga. App. 271, 272 (390 SE2d 295)),

the evidence establishes that the statement was made by defendant voluntarily and not in response to any form of questioning or interrogation. In this vein, Sergeant White testified that defendant spontaneously made the statement in response to Sergeant White's statement to another law enforcement officer (while at the scene of the initial investigation) that the key unlocked the victim's door. " '(T)he necessity of administering *Miranda* warnings exists only when the individual is *interrogated* while in custody.' *Ramos v. State*, 198 Ga. App. 65, 66 (2) (400 SE2d 353)." *McClendon v. State*, 201 Ga. App. 262, 264 (1b) (410 SE2d 760). Consequently, *Miranda v. Arizona*, supra, provides no basis for excluding defendant's statement to Sergeant White regarding the key to the victim's front door. See *Cash v. State*, 224 Ga. 798, 799 (1) (164 SE2d 558); *Brown v. State*, 183 Ga. App. 476, 478 (2) (359 SE2d 233).

(b) " 'OCGA § 17-7-210 (Code Ann. § 27-1302) provides in pertinent part: "(b) If the defendant's statement is oral or partially oral, the prosecution shall furnish, in writing, *all relevant and material portions of the defendant's statement* . . . (d) If the defendant's statement is oral, no relevant and material (incriminating or inculpatory) portion of the statement of the defendant may be used against the defendant unless it has been previously furnished to the defendant, if a timely written request for a copy of the statement has been made by the defendant." ' (Emphasis supplied.) *Van Kleeck v. State*, 250 Ga. 551 (1) (299 SE2d 735)." *Cook v. State*, 199 Ga. App. 14, 16 (4), 17 (404 SE2d 128). In the case sub judice, there is no dispute that defendant filed a timely request for copies of any statement he made while in police custody. It is also undisputed that the State produced copies of statements made by defendant while in police custody prior to trial. However, the State's attorney explained at trial that she did not notify defense counsel of defendant's statement to Sergeant White regarding the key to the victim's home because she first learned of the statement on the morning of trial when Sergeant White appeared to testify. Relying on these circumstances, the State contends there was no harm in admitting the newly discovered statement into evidence, arguing that it was given to defense counsel as soon as possible and that defense counsel was given an opportunity to question Sergeant White outside the presence of the jury before admission of the statement into evidence. See OCGA § 17-7-210 (e) and *Broomall v. State*, 260 Ga. 220, 221 (2) (391 SE2d 918).

We do not agree that the statement given to Sergeant White by defendant was newly discovered within the meaning of OCGA § 17-7-210 (e). There is no question that the statement was known to law enforcement officers long before trial and the record discloses no reason why the statement was not made available to the State's attorney prior to trial. However, we find no harmful error.

" '[I]n *Wallin v. State,* 248 Ga. 29 (279 SE2d 687) (1981), where the state similarly provided the defendant with an incomplete in-custody statement, the Supreme Court applied the "highly probable that it did not contribute to the verdict" test and found the error harmless.' *Dickey v. State,* 179 Ga. App. 383, 384 (1), 385 (346 SE2d 864)." *Cook v. State,* 199 Ga. App. 14, 16 (4), 17, supra. The circumstances of the case sub judice demand the same result. Defendant was caught in the victim's house without authority. Further, there is evidence that defendant had unauthorized access to the victim's key before the burglary; that the victim's house had been searched by an intruder on the day defendant was caught in the victim's house and that defendant was in possession of a key which matched the lock to the door of the victim's house. This evidence was more than sufficient to meet the standard of proof required under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Thus, we find it highly probable that introduction of defendant's custodial statement to Sergeant White did not contribute to the verdict.

2. Defendant asserts the general grounds, arguing the State failed to prove he entered the victim's house with intent to commit a theft. This contention is without merit.

" ' "(T)he presence of valuables inside the premises can support an inference of intent to steal [cit.], particularly when no other motive is apparent. [Cit.] The evidence supported the verdict." *Parrish v. State,* 141 Ga. App. 631 (1) (234 SE2d 174) (1977).' *Green v. State,* 158 Ga. App. 321 (1) (279 SE2d 763). See also *Fennell v. State,* 159 Ga. App. 194, 195 (283 SE2d 72); *Loury v. State,* 147 Ga. App. 152 (1) (248 SE2d 291); and *Ealey v. State,* 139 Ga. App. 604, 605 (2), 607 (229 SE2d 86)." *McNair v. State,* 190 Ga. App. 412 (1), 413 (379 SE2d 424).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 9, 1993 —
RECONSIDERATION DENIED APRIL 28, 1993.

*Summer & Summer, Daniel A. Summer,* for appellant.
*Robert E. Keller, District Attorney, Deborah C. Benefield, Assistant District Attorney,* for appellee.