A94A1887. COATES v. THE STATE.
(453 SE2d 35)

BEASLEY, Presiding Judge.

Uniform traffic citations were filed against Coates charging her with driving under the influence of alcohol in violation of OCGA § 40-6-391, driving an unsafe motor vehicle with defective equipment in violation of OCGA § 40-8-7, and driving with a suspended license in violation of OCGA § 40-5-121. Following a jury trial, she was convicted of all charges.

Cobb County Police Officer Rokovitz testified that he was patrolling South Cobb Drive when he came upon a vehicle in distress parked in the right through-lane of traffic. After getting out of his patrol car and approaching the vehicle, he found Coates in the driver's seat. Her male companion, Elliot, was looking at a front wheel which had fallen off because the lug nuts had loosened. The officer testified that Coates told him she had been driving the car. As he was talking to her, he noticed that she had a fairly strong odor of alcohol about her breath, her eyes were watery and bloodshot, and she seemed to have slurred speech. She admitted that she had been drinking and smelled of alcohol. A positive breath test and a series of field sobriety tests led the officer to believe that her impairment from alcohol was above the legal limit. After arresting her, he determined that her license was suspended.

Elliot testified that the car was a little red Yugo that belonged to Coates; that he used it to go to his job, which was a short distance from where he and Coates lived; that the car was not all that roadworthy; that he rather than Coates had been driving on the night in question; that when the officer arrived on the scene, Coates was sitting in the driver's seat turning the steering wheel so he could dislodge the front wheel; and that he had the keys in his possession and gave them to the driver of the wrecker which transported the car from the scene. A friend of Coates likewise testified that Elliot had picked her up shortly before the car broke down and that Elliot had been driving.

1. Coates contends that the court erred in denying her motion for directed verdict of acquittal on the DUI charge because of insufficient evidence that she was driving. To the contrary, there was evidence that she owned the car, was in the driver's seat when the officer arrived, admitted to him she had been driving, and did not deny this when he arrested her. Compare *Krull v. State,* 211 Ga. App. 37, 38 (1)

(438 SE2d 152) (1993); *State v. Speir*, 189 Ga. App. 254 (2) (375 SE2d 298) (1988). This evidence sufficed to raise a question for jury resolution, notwithstanding Elliot's testimony. *State v. Hill*, 178 Ga. App. 669, 670 (344 SE2d 491) (1986). " 'The weight and credit of the evidence and the credibility of the witnesses was for the jury to determine.' [Cit.]" *Russell v. State*, 174 Ga. App. 436, 437 (2) (330 SE2d 175) (1985). From this evidence, a rational trier of fact could find Coates guilty beyond a reasonable doubt of driving under the influence of alcohol. The jury was authorized not to accept an alternate hypothesis offered by Coates. *Fuller v. State*, 166 Ga. App. 734, 735 (1) (305 SE2d 463) (1983).

2. Coates contends that the court erred in denying her motion for directed verdict of acquittal on the defective or improper equipment charge.

Coates states that it is uncontroverted that the wheel did not come loose until moments before the vehicle came to a stop and there is no evidence that she was aware of the improperly secured wheel until the car actually stopped. However, the evidence that the car she owned and was driving was not that road-worthy, together with the other evidence, was sufficient to authorize the conviction.

3. Coates contends that the court erred in its instruction to the jury concerning the DUI charge.

This instruction was a correct statement of DUI law. *Moss v. State*, 194 Ga. App. 181, 182 (390 SE2d 268) (1990). The court's instruction to the jury on intent was not impermissibly burden shifting, as suggested by Coates. See *Legg v. State*, 204 Ga. App. 356, 357 (2) (419 SE2d 151) (1992), and cits.

4. Coates erroneously contends that the court erred in instructing the jury that "crimes relating to equipment and inspection of motor vehicles are violations of strict liability criminal statutes, which means that although the State must prove that the accused intended to do the acts or make the omissions that are prohibited, the State does not have to prove a mental fault." See *Queen v. State*, 189 Ga. App. 161, 163 (1c) (375 SE2d 287) (1988).

5. Coates contends that the court erred in failing to charge on accident in that this was the only defense to the defective or improper equipment charge.

The defense of accident is defined in OCGA § 16-2-2: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." The fact that there was no criminal scheme or undertaking or criminal negligence is not a defense to a "strict criminal liability" motor vehicle safety statute. The court correctly charged the jury that the State was required to prove that the accused intended to do the act or make the omissions

prohibited. See *Hoffer v. State*, 192 Ga. App. 378, 380 (1) (384 SE2d 902) (1989).

6. Coates contends that the court erred by failing to charge, in accordance with OCGA § 24-4-6, that to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.

In order to obtain convictions against Coates on the DUI and defective or improper equipment charges in this case, the State was required to prove she was driving the car. In this regard, the State's case against Coates was dependent in part on circumstantial evidence, requiring this request to charge. *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994). The evidence was close enough to render the failure not harmless. Id. at 273.

7. Finally, Coates contends that the court erred in denying her motion to suppress statements made by her while in police custody and the results of the field sobriety tests, in violation of the Fifth and Fourteenth Amendments. She claims her arrest was not supported by probable cause and she was not given *Miranda* warnings.

Upon seeing the car in distress in a through-lane of traffic, the officer was authorized to approach the car and make inquiry. When Coates admitted she had been drinking and driving, the officer was authorized to conduct the field sobriety tests without giving *Miranda* warnings. *Montgomery v. State*, 174 Ga. App. 95, 96 (1) (329 SE2d 166) (1985). This supported the trial court's finding that the officer's detention during the on-the-scene investigation was temporary. See generally *Hughes v. State*, 259 Ga. 227, 228 (1) (378 SE2d 853) (1989). Such detentions do not trigger the requirements of *Miranda*. *Daugherty v. State*, 182 Ga. App. 730, 731 (2) (356 SE2d 902) (1987). Moreover, field sobriety tests are not inadmissible under the Fifth Amendment because they are not evidence of a testimonial or communicative character. *Hughes*, supra at 228 (2b).

Coates' conviction of driving with a suspended license is affirmed, as it is not challenged on appeal, and she is entitled to another trial on the other charges because those convictions are reversed.

*Judgment affirmed in part and reversed in part. Andrews and Johnson, JJ., concur.*

DECIDED OCTOBER 5, 1994 —
RECONSIDERATION DENIED JANUARY 19, 1995.

*Alice C. Stewart,* for appellant.
*Ben F. Smith, Jr., Solicitor, Cindi Yeager, Barry E. Morgan, As-*

*sistant Solicitors,* for appellee.