A98A0942. BUCHNOWSKI v. THE STATE.
(505 SE2d 263)

BEASLEY, Judge.

Gregory Buchnowski was convicted of driving under the influence of alcohol (OCGA § 40-6-391). He challenges, in two respects, the trial court's denial of his motion in limine: the police lacked an articulable suspicion to stop him, and the police failed to give him *Miranda* warnings.[1]

While driving home from duty, Officer Finnegan observed a truck weaving in and out of its lane on two occasions. The truck broke down at a stoplight directly in front of Finnegan's vehicle and would not start. Officer Finnegan, still in uniform, exited his vehicle and approached the truck to inquire. The driver, Buchnowski, reeked of alcohol. After Buchnowski admitted he had been drinking, the officer told him to stay in the truck and then radioed for help from an on-duty officer.

When Officer Llorens arrived, he spoke to Buchnowski and not only smelled the alcohol on his breath but observed his eyes were bloodshot, watery and sleepy, and that he spoke thickly and swayed. Buchnowski again admitted he had been drinking. Officer Llorens administered three field sobriety tests, which Buchnowski failed. He arrested Buchnowski and read to him the implied consent notice required by OCGA § 40-5-67.1. Buchnowski refused the chemical test.

Although Officer Finnegan testified he gave Buchnowski no *Miranda* warnings, it is unclear whether Officer Llorens did. For purposes of this appeal we assume Llorens did not.

Following a bench trial, the court found the officers could properly approach a vehicle in distress and, due to the odor of alcohol, were authorized to detain Buchnowski. The court considered all of the evidence admissible.

---

[1] Buchnowski refers to his motion as a motion to suppress. Because it concerned the admission of testimony, it is actually a motion in limine. *McClain v. State*, 226 Ga. App. 714, 715-716 (1) (487 SE2d 471) (1997).

1. As in the past, "[t]he evidence at the suppression hearing was uncontroverted, and no question of credibility of witnesses was presented. We thus review the trial court's ruling on the motion [in limine] to ensure that there was a substantial basis for it. The trial court's application of the law to the undisputed facts is subject to de novo review."[2]

Claiming that Officer Finnegan lacked the requisite articulable suspicion to stop him, Buchnowski contends all evidence gathered by the officers was inadmissible, presumably under the Fourth Amendment. This contention fails for two reasons.

First, Officer Finnegan did not "stop" Buchnowski. Approaching a vehicle that has already stopped through no action of the officer is not a stop or seizure, but is a "communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment."[3] *Coates v. State*[4] specifically held that upon seeing a car in distress in a through lane of traffic, an officer may quite properly approach the car and initiate inquiry. Even if Officer Finnegan's first approach to the vehicle were considered a stop, he had observed Buchnowski weaving in and out of his lane and therefore had reasonable grounds to stop him.[5] Neither *Mulling v. State*[6] nor *Clark v. State*,[7] cases cited by Buchnowski, involves an officer witnessing a traffic violation.

Second, only after Officer Finnegan smelled alcohol on Buchnowski's breath did he ask Buchnowski to remain in his vehicle while he radioed for help. Although it is doubtful this request constituted a stop,[8] if it did, "at that point the officer had smelled the alcohol on [his] breath [and heard him admit drinking], which provided reasonable grounds to conduct an investigative inquiry to determine whether appellant was engaged in criminal activity, e.g., driving under the influence."[9] Similarly, when Officer Llorens approached

---

[2] (Citations omitted.) *State v. Armstrong*, 223 Ga. App. 350, 351 (1) (477 SE2d 635) (1996).

[3] (Citations and punctuation omitted.) *McClain*, supra, 226 Ga. App. at 716 (1).

[4] 216 Ga. App. 93, 95 (7) (453 SE2d 35) (1994).

[5] See *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997) ("when an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment"); *State v. Diamond*, 223 Ga. App. 164, 166 (477 SE2d 320) (1996) (driver weaving in and out of lane is reasonable grounds for stop); *Huff v. State*, 205 Ga. App. 557 (422 SE2d 664) (1992) (same).

[6] 156 Ga. App. 404 (274 SE2d 770) (1980) (defendant was only seen weaving within his lane).

[7] 208 Ga. App. 896 (432 SE2d 220) (1993) (defendant went to right without signaling, but signaling was not required).

[8] See *McClain*, supra, 226 Ga. App. at 718 (1); *Ward v. State*, 193 Ga. App. 137 (387 SE2d 150) (1989).

[9] (Citations and punctuation omitted.) *McClain*, supra, 226 Ga. App. at 718 (1); see *Coates*, supra, 216 Ga. App. at 95 (7) (once defendant admitted to drinking and driving,

Buchnowski in his stopped vehicle and observed signs of intoxication as well as heard his admission, he also had sufficient grounds to conduct an investigative inquiry.

2. Buchnowski argues that, because neither officer read him his *Miranda* rights, the testimony regarding his admitting drinking, his failing the sobriety tests, and his refusal to submit to chemical tests was inadmissible. His admissions and his test results arose out of the roadside investigation occurring before he was arrested and thus required no *Miranda* warnings.[10] *State v. O'Donnell*,[11] cited by Buchnowski, involves statements and test results occurring after defendant had been arrested. *Price v. State*[12] is also distinguishable in that, before administering the field sobriety tests, the officer in *Price* informed defendant she was going to jail and thus had taken her into custody.

As to federal constitutional law, in the first place "field sobriety tests are not statements. They are not evidence of a testimonial or communicative nature. They are therefore not inadmissible under the Fifth Amendment to the U. S. Constitution even if the accused was in custody and no *Miranda* warnings have been given."[13] And, unlike the defendant in *O'Donnell*,[14] Buchnowski did not and does not invoke OCGA § 24-9-20 (a) to exclude the evidence.

Buchnowski's refusal to submit to chemical tests came after he was arrested. "In any criminal trial, the refusal of the defendant to permit chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest shall be admissible in evidence against him. OCGA § 40-6-392 (d). A refusal to take a blood alcohol test which was requested by a police officer is not an act coerced by the officer, and the refusal is not protected by the privilege

---

officer could conduct investigative inquiry).

[10] See *Morrissette v. State*, 229 Ga. App. 420, 422 (1) (a) (494 SE2d 8) (1997) (field sobriety tests occurred before taking into custody, even though defendant was placed temporarily in back of police car); *State v. Pastorini*, 222 Ga. App. 316, 317 (1) (474 SE2d 122) (1996) (field sobriety tests and admissions were during brief investigation and before taking into custody); *Coates*, supra, 216 Ga. App. at 95 (7) ("When [defendant] admitted she had been drinking and driving, the officer was authorized to conduct the field sobriety tests without giving *Miranda* warnings") (citation omitted); *Griffin v. State*, 191 Ga. App. 302, 303 (2) (381 SE2d 562) (1989) ("A motorist detained pursuant to a roadside questioning at a routine stop is not in a custodial situation triggering the *Miranda* warning" requirement) (citation omitted).

[11] 225 Ga. App. 502 (484 SE2d 313) (1997).

[12] 269 Ga. 222, 224-225 (3) (498 SE2d 262) (1998).

[13] (Citation and punctuation omitted.) *Morrissette*, supra, 229 Ga. App. at 421-422 (1) (a); see *Coates*, supra, 216 Ga. App. at 95 (7) (same).

[14] 225 Ga. App. at 504 (2); see *Price*, supra, 269 Ga. at 225, n. 13 ("defendant who raises only a federal law challenge will not succeed because under the U. S. constitution the prohibition against self-incrimination applies only when the evidence is 'testimonial' and field sobriety tests are not 'testimonial' in nature") (citations omitted).

against self-incrimination. [Defendant's] refusal to take the test is not protected by the privilege against self-incrimination. Accordingly the court was not required to exclude evidence of [defendant's] refusal due to the officer's failure to inform [him] of his *Miranda* rights."[15]

The court did not err in admitting the evidence.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 4, 1998.

*Spruell, Taylor & Associates, Billy L. Spruell, Melinda D. Taylor,* for appellant.

*Gerald N. Blaney, Jr., Solicitor, Kelly B. Willis, Assistant Solicitor,* for appellee.

---

[15] (Citations and punctuation omitted.) *Lankford v. State*, 204 Ga. App. 405, 406 (1) (419 SE2d 498) (1992).