## A06A1845. THE STATE v. UMBACH.
### (643 SE2d 758)

RUFFIN, Judge.

Christopher Umbach was charged with driving under the influence of alcohol and driving with an unlawful blood alcohol concentration as a result of his involvement in a single-car wreck.[1] The trial court granted Umbach's motion to suppress the results of a blood test performed on him prior to his arrest. The State appeals, and, for reasons that follow, we reverse.

In reviewing a trial court's ruling on a motion to suppress, where the facts are undisputed, we conduct a de novo review of the trial court's application of the law to those facts.[2] In this case, the facts are undisputed. Umbach was driving when his vehicle veered off the road and rolled over, sustaining considerable damage. The vehicle landed right side up and was still driveable; Umbach continued driving approximately one mile before driving into a ditch. Umbach lost consciousness while being evaluated by emergency personnel and was flown to Grady Hospital for treatment. Deputy Hardy of the Fayette County Sheriff's Department spoke to Umbach at the hospital. Umbach's speech was slurred, he seemed disoriented, and his eyes were glassy. Deputy Hardy smelled alcohol on Umbach's breath.

Deputy Hardy told Umbach and Umbach's father that he would request a blood sample from Umbach because "he had serious injury from the loss of consciousness and [Hardy suspected] him of driving

---

[22] See *Freeman,* supra at 560 (4).

[1] Umbach was also charged with failure to maintain a lane and operating a vehicle with defective equipment.

[2] See *Silva v. State,* 278 Ga. 506, 507 (604 SE2d 171) (2004).

under the influence of alcohol." Even after Deputy Hardy read him the Georgia implied consent notice twice, Umbach refused to give his consent. Umbach's father eventually convinced Umbach to consent, Deputy Hardy read him the implied consent notice again, and blood was drawn. Umbach was not placed under arrest that night, but he was subsequently charged with DUI.

The trial court granted Umbach's motion to suppress, basing its decision on our opinion in *Handschuh v. State*,[3] in which a majority of this court concluded that the defendant's implied consent was invalid as he had not been arrested at the time he allegedly consented. The Supreme Court of Georgia subsequently issued its opinion in *Hough v. State*,[4] holding that if a person has been involved in a traffic accident resulting in serious injury or death and the investigating officer has probable cause to believe the person was driving under the influence of alcohol or other drugs, the State may require that person to submit to a blood test without first arresting the person.[5]

On appeal, the State argues that, applying the standard set forth in *Hough*, Umbach's blood test should not have been suppressed, even though he was not under arrest at the time, because he was involved in a collision resulting in serious injury and Deputy Hardy had probable cause to suspect that he had been driving under the influence of alcohol. We agree.

OCGA § 40-5-55 (c) defines a "traffic accident resulting in serious injuries or fatalities" as "any motor vehicle accident in which a person was killed or in which one or more persons suffered a fractured bone, severe burns, disfigurement, dismemberment, partial or total loss of sight or hearing, or loss of consciousness." Here, the evidence is that Umbach lost consciousness for some period of time as a result of his injuries, which satisfies the statutory criteria for "a traffic accident resulting in serious injuries or fatalities."[6] Contrary to Umbach's assertion, the fact that the loss of consciousness was "temporary" does not cause it to fall outside the ambit of the statute.[7] It is also clear that Deputy Hardy had probable cause to suspect that Umbach had been driving under the influence of alcohol, based on his having driven his vehicle off the road twice, as well as his glassy eyes, his

---

[3] 270 Ga. App. 676 (607 SE2d 899) (2004).
[4] 279 Ga. 711 (620 SE2d 380) (2005).
[5] See id. at 712.
[6] OCGA § 40-5-55 (c).
[7] See *Hough*, supra at 715 (1) (b), n. 2 (driver in single-car wreck who was "momentarily knock[ed] . . . unconscious" was held to be involved in a traffic accident resulting in serious injury).

slurred speech, and the odor of alcohol on his breath.[8] Accordingly, Deputy Hardy was not required to arrest Umbach before reading the implied consent warnings, and his consent to the blood test was valid.[9] We therefore reverse the trial court's grant of Umbach's motion to suppress.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 22, 2007 —
RECONSIDERATION DENIED MARCH 19, 2007.

*Jamie K. Inagawa, Solicitor-General, Joseph B. Myers, Jr., Assistant Solicitor-General,* for appellant.
*Cook & Lundy, B. Thomas Cook, Jr.,* for appellee.

---

[8] See *Boyd v. State*, 259 Ga. App. 864, 865-866 (1) (578 SE2d 472) (2003) (probable cause existed to arrest driver for driving under the influence of alcohol where he drove erratically and had bloodshot eyes, slurred speech, and an odor of alcohol on his breath).

[9] See *Hough*, supra; *Jenkins v. State*, 282 Ga. App. 106, 109 (637 SE2d 818) (2006); *Hannah v. State*, 280 Ga. App. 230, 233-234 (1) (633 SE2d 800) (2006); *Ellis v. State*, 275 Ga. App. 881, 883 (1) (622 SE2d 89) (2005).