## A96A2362. TRUDEWIND v. THE STATE.
(480 SE2d 211)

RUFFIN, Judge.

Steven Trudewind was convicted of driving under the influence of alcohol and driving on the wrong side of the road. In response to Trudewind's pretrial motion to suppress, the trial court ruled that Trudewind's roadside sobriety tests were admissible. Trudewind appeals this ruling, and we affirm.

1. Trudewind asserts the trial court erred in denying his motion to suppress and in allowing the arresting officer to testify as to the roadside tests and his opinion based on those tests. Specifically, Trudewind argues that he was never read his *Miranda* warnings prior to taking the sobriety tests.

In *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), the United States Supreme Court held that a person taken into official police custody or otherwise deprived by police of their freedom of action in any significant way must be advised of their constitutional rights. The test for whether a person is "in custody" was later addressed in *Berkemer v. McCarty*, 468 U. S. 420, 442 (104 SC 3138, 82 LE2d 317) (1984), where the Court held that a person is "in custody" if "a reasonable person in the detainee's position would have thought the detention would not be temporary. [Cit.]" *State v. Pastorini*, 222 Ga. App. 316, 317 (1) (474 SE2d 122) (1996). The Supreme

Court further held that the *Miranda* safeguards become applicable only after a person's "freedom of action is curtailed to a degree associated with formal arrest." (Citations and punctuation omitted.) Id. at 317. "The rationale behind the holding is that although an ordinary traffic stop curtails the freedom of action of the detained motorist and imposes some pressures on the detainee to answer questions, such pressures do not sufficiently impair the detainee's exercise of his privilege against self-incrimination so as to require that he be advised of his constitutional rights." Id.

Applying this rationale, we have consistently held that "[t]he fact that an officer retains a detainee's license for a short period during the course of an investigation does not necessarily mean that the detainee is in custody, even if at that point, by leaving, the detainee could be arrested for violating State law. [Cit.]" Id.

In the present case, the record shows that Officer Speck observed Trudewind's vehicle weaving, crossing over into the oncoming lane of traffic and driving onto the shoulder of the roadway. The officer initiated a traffic stop and requested Trudewind's license and proof of insurance. As Trudewind produced the items, the officer detected a strong odor of alcohol on Trudewind's breath and noticed that his eyes were bloodshot.

To further investigate Trudewind's conduct, Officer Speck asked him to perform a series of field sobriety tests. The Horizontal Gaze Nystagmus test suggested Trudewind was under the influence of alcohol. In order to make a more conclusive determination, the officer asked Trudewind to perform the one leg stand, and Trudewind was completely unable to maintain his balance. Although we recognize that one may be unable to maintain his balance for reasons not associated with inebriation, we are bound to construe the trier of fact's factual findings in a light most favorable to support the verdict unless clearly erroneous. *McLarty v. State*, 176 Ga. App. 433, 435 (2) (336 SE2d 273) (1985). Based on his observations of Trudewind's driving ability and his performance on the field sobriety tests, the officer then placed Trudewind under arrest. " 'Treatment of this sort cannot fairly be characterized as the functional equivalent of formal arrest.' [Cits.]" *Lipscomb v. State*, 188 Ga. App. 322 (372 SE2d 853) (1988).

Based on the foregoing, we conclude the trial court did not clearly abuse its discretion in refusing to suppress the results of Trudewind's field sobriety tests.

2. Trudewind also asserts as error the trial court's denial of his motion for new trial. However, Trudewind has failed to address this enumeration by citation of authority or argument pursuant to Court of Appeals Rule 27 (c) (2). Therefore, to the extent that Trudewind was asserting any claim other than the one addressed in Division 1,

we deem his claim abandoned.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 6, 1996 —
RECONSIDERATION DENIED JANUARY 10, 1997.

*Donald R. Donovan*, for appellant.

*James R. Osborne, District Attorney, Cari A. Kaplan, Assistant District Attorney*, for appellee.