A97A0949. THE STATE v. TAYLOR.
(487 SE2d 454)

Judge Harold R. Banke.

The State of Georgia appeals the trial court's order granting Benjamin Taylor's motion to suppress. In its sole enumeration, the State maintains that the trial court clearly erred in finding that the arresting officer illegally searched Taylor.

The following evidence was presented at the suppression hearing. The case arose while the arresting officer engaged in a show of police presence during an early evening in May. He and at least five other officers "were riding two to a car, about three or four cars deep" through an area where drug use was known to occur. As Taylor and another man named Reynolds bicycled up the street toward the patrol cars, an officer in the first car radioed the arresting officer, urging him to "check out" Reynolds, whom they suspected of involvement in drugs. The convoy of patrol cars then stopped. The arresting officer testified that Taylor approached him and stated, "I believe that you all are looking for me." This confused the officer, who testified, "I really didn't know what to think." As the officer got out of his car, he "said something to the effect [of] is that right, why would we

be looking for you, or something like that." The officer immediately "walked over" to Taylor and "grabbed" his right wrist while another officer took control of his bicycle. The officer "said all right let me pat you down for weapons" and moved Taylor over to his patrol car. The officer then grabbed hold of Taylor's belt loop, positioned him spread eagle with his hands on the car, and commenced a pat down search. Taylor resisted, which gave rise to two obstruction charges. After a search incident to the arrest, the officer discovered a $20 piece of cocaine in Taylor's pocket. *Held*:

We reject the State's contention that this case falls beyond the Fourth Amendment's purview as mere communication between the police and the defendant involving no coercion or detention. Here, Taylor approached the arresting officer and simply stated that he believed the police were looking for him, an act with no constitutional implications. *State v. Banks*, 223 Ga. App. 838, 839 (479 SE2d 168) (1996) (physical precedent only). However, when the officer immediately "grabbed" Taylor, this encounter escalated to a seizure which triggered Fourth Amendment protection. Id.

" 'An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.' " *State v. Wright*, 221 Ga. App. 202, 204 (3) (470 SE2d 916) (1996). When such articulable suspicion is present, "a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual" may be conducted. *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968).

Notwithstanding the State's argument to the contrary, Taylor's comment did not provide the requisite articulable suspicion justifying his immediate seizure. Nor does the record support the contention that the officer had any reason to believe Taylor was armed and dangerous. *Terry*, 392 U. S. at 27. The record shows simply that Taylor rode up on his bicycle at a reasonable hour and spoke to the officer from a distance of about ten feet. Nothing in Taylor's behavior or sole comment, that he believed the police were looking for him, implied that he was committing, or about to commit, a crime. Police seek out citizens for many reasons, such as to serve civil papers on them or to seek assistance in criminal investigations. There is no evidence that the tone or volume of his voice was threatening, that he was fleeing or involved with drugs, or that he was "casing" a store as in *Terry*. Compare *Pace v. State*, 219 Ga. App. 583, 585 (466 SE2d 254) (1995) (threatening action justifies safety search); *State v. Smalls*, 203 Ga. App. 283, 286 (2) (416 SE2d 531) (1992) (flight may provide reasonable suspicion). Nor did the fact that he was bicycling through a "known drug area" give rise to articulable suspicion. *Banks*, 223 Ga. App. at 841. On the facts before us, we cannot say the

trial court lacked a substantial basis for finding that the State did not satisfy its burden of proving that Taylor was legally detained. *State v. Armstrong*, 223 Ga. App. 350, 351 (1) (477 SE2d 635) (1996); *Banks*, 223 Ga. App. at 838 (in suppression hearings, the State bears the burden of proving the search was lawful).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED JUNE 4, 1997.

Before Judge Allen.

*J. Gray Conger, District Attorney, Lori L. Canfield, Assistant District Attorney,* for appellant.

*Richard O. Smith, David L. Roberts, John R. Mobley II,* for appellee.