## A97A1192. MERRIWEATHER v. THE STATE.
### (491 SE2d 467)

McMURRAY, Presiding Judge.

Defendant filed this appeal challenging the denial of his motion to suppress after being convicted for possession of cocaine with intent to distribute. The evidence adduced at the motion to suppress hearing reveals the following: Officers David Barnes and Cliff Kelker of the Marietta Police Department observed defendant at about 10:00 p.m. on February 4, 1995, displaying an object to the driver of a car that was illegally stopped on a street known for illegal drug activity.[1] Officer Kelker noticed that the object defendant was displaying was a paper towel and he watched the driver of the stopped car give defendant money. Both officers perceived that defendant was startled when their police cruiser appeared, they both watched defendant suddenly turn and walk away as they drove into sight, and they both saw the driver of the illegally parked car flee the moment defendant turned and walked away. The officers noticed that defendant had money in one hand and an object in the other and they both watched defendant put this object in his mouth as he turned from the driver of the parked car. Officer Kelker specifically noticed that this object was the paper towel defendant was displaying to the driver of the illegally parked car and he remembered watching as defendant "balled it up[,] tossed it in his mouth and began to walk away."

The officers stopped defendant and Officer Barnes "asked him what he had in his mouth; [but defendant] made no reply." Officer Barnes ordered defendant "to open his mouth, [and when defendant complied, Officer Barnes] saw a paper towel wrapped up. . . ." According to Officer Kelker, the officers then directed defendant "to spit out what he had in his mouth, [but] he wouldn't spit it out, he was chewing on it, couldn't talk. . . ." Officer Barnes responded by "affect[ing] a Heimlich Maneuver on [defendant], causing this item to

---

[1] Officer Barnes described this area as "basically an open air drug market that occurs 24 hours a day, 7 days a week."

come out of his mouth." Officer Barnes explained that he executed this maneuver by moving "directly behind [defendant], [making] a fist with [his] other hand, [forcing his] fist upward underneath [defendant's] ribs cage [and thereby] forcing [defendant] to spit the [contraband out of his mouth]." "Inside [the officers] found five rocks of crack cocaine." *Held*:

1. Defendant contends "there was no particularized suspicion of criminal activity to justify [his] detention and arrest. . . ." We do not agree.

" ' " '(A) police officer is authorized to make a brief, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspicion of criminal conduct. What is demanded of the police officer . . . is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing.' (Citations and punctuation omitted.) (Cit.)" *Foster v. State*, 208 Ga. App. 699 (1) (431 SE2d 400) (1993).' *Wilson v. State*, 210 Ga. App. 886 (437 SE2d 867)." *Jones v. State*, 216 Ga. App. 449, 450 (454 SE2d 631). In the case sub judice, Officer Barnes not only testified that he observed defendant standing at an intersection known for illegal drug activity, he testified that he observed defendant display something to the driver of an illegally stopped car and that he observed defendant abruptly turn and walk away when the officers' police cruiser appeared. Officer Barnes also testified that he observed defendant holding money in his hand immediately after the suspected drug transaction and that he watched defendant place an object in his mouth while turning away from the stopped vehicle. Officer Kelker testified that he perceived this object to be the paper towel he observed defendant displaying to the driver of the stopped car a few moments earlier and that he watched as defendant "balled it up[,] tossed it in his mouth and began to walk away." This evidence, and Officer Barnes' testimony that drug dealers often operate in the manner he observed defendant operating, authorizes reasonable suspicion that defendant was engaged in illegal drug activities and, thus, sustains Officers Barnes' and Kelker's brief stop and detention of defendant to determine the purpose of his nighttime activities in an area known for illegal drug transactions. See *Goodman v. State*, 210 Ga. App. 369, 371 (436 SE2d 85). Probable cause authorizing the search of defendant's mouth and his arrest arose the moment Officer Barnes observed defendant in possession of suspected cocaine. See *Copeland v. State*, 213 Ga. App. 39, 40 (1), 41 (443 SE2d 869).

2. We reject defendant's contention that Officers Barnes and Kelker were motivated by racial bias when they stopped him. The mere fact that defendant's race and gender were different from the race and gender of the driver of the illegally parked car does not

demand a finding that Officer Barnes' and Officer Kelker's reasons for stopping defendant were racially motivated. "An appellate court reviewing a trial court's order concerning a motion to suppress evidence must construe the evidence most favorably to the upholding of the trial court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (440 SE2d 646), citing *Anderson v. State*, 133 Ga. App. 45, 47 (209 SE2d 665)." *State v. Banks*, 223 Ga. App. 838, 839 (479 SE2d 168).

3. Defendant contends use of "a Heimlich Maneuver" to remove the suspected contraband from his mouth violated his Fourth Amendment right to be free from unreasonable searches and seizures. We do not agree. Although forceful extraction of contraband from a criminal suspect implicates the Fourth Amendment and should be avoided whenever possible, a criminal suspect does not have a right to destroy evidence and "the police are authorized to use reasonable but not excessive force in preventing the destruction or concealment of evidence." *State v. Young*, 550 P2d 689, 691-692 (Wash. 1976). Since nothing in the record indicates that Officer Barnes' use of "a Heimlich Maneuver" was so shocking to the conscience as to violate defendant's Fourth Amendment rights, we find no error in the trial court's order denying defendant's motion to suppress. See *Curry v. State*, 217 Ga. App. 623, 624 (1) (458 SE2d 385), and cites.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 25, 1997.

*John R. Greco*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, W. Thomas Weathers III, Assistant District Attorneys*, for appellee.