A98A0125. THE STATE v. DIBLE.
(502 SE2d 245)

Judge Harold R. Banke.

Richard Dible was charged with two counts of driving under the influence (less safe to drive and driving with an unlawful alcohol concentration) and failure to maintain lane. In its sole enumeration, the State appeals the trial court's order granting Dible's motion to suppress.

During the early morning hours, 17-year-old Dible ran over an embankment and hit a sign. When the arresting officer arrived at the scene, he approached Dible, who was standing next to the car, and asked what happened. Dible responded, "I'm drunk" and pointed to his car resting on the embankment. Dible, appearing intoxicated and smelling of alcoholic beverages, gave the officer his driver's license

and insurance card. The officer then directed Dible to the front of the patrol car and asked him to perform some field sobriety tests. Dible cooperated, but failed three of the four tests. The officer then arrested Dible. After advising Dible of the implied consent requirements and transporting him to the local jail, the officer arranged for a breath test, which registered .15.

Prior to trial, Dible moved to suppress the field sobriety test results, arguing that the officer's failure to advise him of his *Miranda* rights before administering the tests required their exclusion. The trial court agreed, suppressing the field sobriety test results on the ground that the custodial situation implicated the Fifth Amendment sufficiently to require *Miranda* warnings before the tests. *Held*:

The trial court erred in suppressing the test results.[1] *State v. Brannan*, 222 Ga. App. 372, 374 (2) (474 SE2d 267) (1996). The necessity for administering *Miranda* warnings attaches when a detainee is "in custody." *State v. Pastorini*, 222 Ga. App. 316, 317 (1) (474 SE2d 122) (1996). That status arises when a reasonable person in the detainee's position would have thought the detention was not temporary. Id.

Roadside questioning during the investigation of a routine traffic accident generally does not constitute a custodial situation. *Pastorini*, supra. Nor does a custodial situation necessarily arise when an officer briefly retains a detainee's license during the course of an investigation, even if the detainee could, by leaving, be arrested for violating State law. Id.; see *Crum v. State*, 194 Ga. App. 271, 272 (390 SE2d 295) (1990).

The crucial question necessary to determine whether Dible's freedom was sufficiently impeded to consider him "in custody" is what his immediate business was. *Pastorini*, 222 Ga. App. at 318 (1). Here, Dible's immediate business was that he had been involved in a traffic accident. Id. The field testing was initiated to determine whether to arrest Dible, notwithstanding his profession of drunkenness. See *Coates v. State*, 216 Ga. App. 93, 94 (7) (453 SE2d 35) (1994); *Crum*, 194 Ga. App. at 272. " '[T]reatment of this sort cannot fairly be characterized as the functional equivalent of formal arrest.' [Cit.]" *State v. Peters*, 222 Ga. App. 484 (474 SE2d 623) (1996). In similar circumstances, we have routinely found that the detainee was not in custody. Id.; see *Coates*, 216 Ga. App. at 94 (7); *Crum*, 194 Ga. App. at 272; *Montgomery v. State*, 174 Ga. App. 95, 96 (1) (329 SE2d 166) (1985).[2]

---

[1] The trial court's order did not suppress the intoximeter results.

[2] We further note that the Supreme Court held that the results of field sobriety tests given without benefit of *Miranda* warnings need not be excluded under the Fifth Amendment because such results are not evidence of a testimonial or communicative nature.

*Judgment reversed. Pope, P. J., and Beasley, J., concur.*

DECIDED APRIL 3, 1998.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Gary S. Vey, Jeffrey P. Kwiatkowski, Assistant Solicitors*, for appellant.
*Clark & Towne, Jessica R. Towne*, for appellee.

---

*Hughes v. State*, 259 Ga. 227, 228 (2) (b) (378 SE2d 853) (1989). Dible's motion to suppress does not rely on OCGA § 24-9-20 (a). Compare *State v. O'Donnell*, 225 Ga. App. 502, 504 (2) (484 SE2d 313) (1997).