A98A1297. EVANS v. THE STATE.
(506 SE2d 681)

Judge Harold R. Banke.
Katherine E. Evans appeals her convictions for driving under the influence of alcohol, reckless driving, and making an improper turn. She contends the trial court erred by admitting evidence of field sobriety tests she performed and by admitting statements she made because she was not warned of her *Miranda* rights. She also contends the trial court erred by allowing hearsay to be introduced in evidence. *Held*:

1. Because of Evans' motion to exclude the results of her field sobriety tests and statements, the trial court held an evidentiary hearing on whether Evans had been taken into custody so that such warnings would be required. At the hearing, no witness testified that Evans was formally taken into custody before the field sobriety tests or statements. Both Evans and a passenger in her car testified that the first officer on the scene of the accident spoke with Evans briefly and then asked her to remain until another police officer spoke with her. This first officer, however, did retain Evans' driver's license, registration, and proof of insurance.

The second officer testified that after the first officer gave him Evans' driver's license, he told her he wanted to conduct some field

sobriety tests, but she did not have to take them. After giving Evans the horizontal gaze nystagmus test, the results led the officer to believe that she was impaired. Consequently, the officer read Evans' her implied consent rights and placed her under arrest.

Evans and her passenger merely testified that they waited in her vehicle until the first officer arrived. This officer took and retained her license, registration, and proof of insurance, spoke briefly with Evans, and then asked her to wait until another officer came. Evans' car was inoperable. Evans further testified she did not believe that she would be allowed to leave.

After the hearing, the trial court found Evans was operating a car and had a collision, the first officer on the scene conducted an investigation, spoke briefly with Evans, and then asked her to wait because he had called another officer to assist with the investigation. The trial court also found that as Evans was in a collision on a busy street that resulted in injuries to the other party, the investigating officer should have a reasonable time in which to conduct his investigation and that he could ask the parties involved to remain on the scene.

Under these circumstances, the trial court found that Evans was not in custody during the field sobriety tests. Therefore, he denied the motion. We agree. *Held*:

"Only in-custody statements by the accused give rise to the issue of voluntariness and the *Miranda* warnings. The test for determining whether a person is in custody at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary. Police officers at the scene of a traffic stop may conduct a general on-the-scene investigation, which may even require that persons be temporarily detained, without such being classified as custodial interrogation." (Citation and punctuation omitted.) *Tibbs v. State*, 207 Ga. App. 273 (1) (427 SE2d 603) (1993). "The test for determining whether a person is 'in custody' at a traffic stop is if a reasonable person in the suspect's position would have thought the detention would not be temporary. *Berkemer v. McCarty*, 468 U. S. 420, 442 (104 SC 3138, 82 LE2d 317) (1984)." *Hughes v. State*, 259 Ga. 227, 228 (1) (378 SE2d 853) (1989). *Miranda* warnings are not required to precede a request to perform field sobriety tests unless the person is "in custody." *Price v. State*, 269 Ga. 222, 225 (3) (498 SE2d 262) (1998); *State v. Dible*, 232 Ga. App. 73, 74 (502 SE2d 245) (1998).

As the trial court's findings of fact are supported by evidence, this enumeration of error is without merit. The evidence supports the conclusion that no reasonable person in Evans' position would have believed that their detention was not to be temporary. See *State v. Pastorini*, 222 Ga. App. 316, 317 (1) (474 SE2d 122) (1996). Evans

was involved in an accident that resulted in injuries to another person, her car had to be towed from the scene, and the first officer was still on the scene when the second officer arrived. This evidence supports the trial court's conclusion that Evans was lawfully detained during the investigation of the accident. *Trudewind v. State*, 224 Ga. App. 223, 224 (1) (480 SE2d 211) (1997); see *Dible*, 232 Ga. App. at 74.

2. Pretermitting whether the trial court erred by allowing the second police officer to testify that "[the first officer] asked me to assist him in a traffic accident investigation where he believed that he had a D.U.I. driver," counsel's failure to object to the police officer's testimony waived the issue. *Basu v. State*, 228 Ga. App. 591, 593 (1) (492 SE2d 329) (1997). In any event, the error, if any, was harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 14, 1998.

*William C. Head*, for appellant.
*June D. Green, Solicitor, James M. Miller, Assistant Solicitor*, for appellee.