A99A2358. HAWKINS v. THE STATE.
(522 SE2d 725)

McMURRAY, Presiding Judge.

Defendant was tried before the Probate Court of Butts County and convicted of driving under the influence of alcohol. He appealed to the Superior Court of Butts County which affirmed the probate court.

At trial, the arresting officer testified that he stopped defendant's pickup truck at about 2:00 in the morning after he observed this vehicle swerve in the highway, run off the road and nearly collide with a "tractor/trailer" truck. This officer testified that, during the traffic stop, he observed beer bottles and a half-empty bottle of an alcoholic beverage in the cab of defendant's truck. The officer also testified that defendant was unsteady on his feet; that defendant's eyes were bloodshot, and that an alcoholic odor emanated from defendant's mouth. The officer testified that defendant failed two field sobriety tests, and that defendant tested "positive" when he blew "in an Alcosensor." The officer further testified that defendant admitted during the traffic stop that he had consumed alcohol a couple of hours before driving. *Held*:

1. The arresting officer's testimony authorized the probate court's finding that defendant is guilty, beyond a reasonable doubt, of driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Over defense counsel's objection, the probate court erroneously allowed testimony of the alco-sensor results without first requiring the foundation described in *Aman v. State*, 223 Ga. App. 309, 310 (1) (477 SE2d 431). But the totality of the evidence in the case sub judice renders it highly probable that this did not affect the probate court's findings. The error is therefore not reversible. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869); *Knapp v. State*, 229 Ga. App. 175, 179 (5) (493 SE2d 583).

3. The arresting officer did not advise defendant of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). Defendant thus contends the probate court erred in admitting evidence of his roadside admission that he had consumed alcohol a couple of hours before driving and evidence of the results of his field sobriety tests. Because this evidence was adduced during the arresting officer's temporary roadside investigation and before defendant was restrained, arrested or otherwise placed in police custody, the probate court did not err in allowing evidence of defendant's admission that he had consumed alcohol a couple of hours before driving and the results of defendant's field sobriety tests. *Trudewind v. State*, 224 Ga. App. 223 (1) (480 SE2d 211).

4. The Superior Court of Butts County did not err in affirming the probate court.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 23, 1999.

*Virgil L. Brown & Associates, Bentley C. Adams III*, for appellant.

*Richard G. Milam, District Attorney, James L. Moss, Jr., Assistant District Attorney*, for appellee.