## A00A2378. SANDERS v. THE STATE.
(543 SE2d 452)

MIKELL, Judge.

Tony Lester Sanders was convicted after a bench trial of one count of possession of cocaine and one count of misdemeanor obstruction of a law enforcement officer. On appeal, Sanders contends that the trial court erred in denying his motion to suppress in light of the unreasonable intensity and scope of the search. We disagree.

As a preliminary matter, we note that Sanders has failed to include a statement of the applicable standard of review in his brief as required by Court of Appeals Rule 27 (a) (3). "On appeal from a motion to suppress, the evidence is viewed in a light most favorable to upholding the trial court's judgment. The credibility of witnesses and the weight accorded their testimony rest with the trier of fact. . . ."[1] Thus, "the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous."[2] "Where the evidence is uncontroverted and there is no issue as to witness credibility, however, we review de novo the trial court's application of the

---

[1] (Citation and punctuation omitted.) *Taylor v. State*, 239 Ga. App. 858 (522 SE2d 266) (1999).

[2] (Citation omitted.) *Rider v. State*, 222 Ga. App. 602 (475 SE2d 655) (1996).

law to the undisputed facts."[3]

The uncontroverted evidence presented at the motion hearing shows that on November 5, 1998, Officer C. A. Hill was patrolling a known drug area when he noticed a maroon car parked at a drug offender's residence. Hill had previously served search warrants at the house where the car was parked and had seized crack cocaine and made numerous drug-related arrests in the area. Hill ran the tag number of the maroon car and discovered that the tag was registered to another vehicle. As long as the vehicle remained in the private driveway, Hill did not plan to pursue the matter. Shortly thereafter, however, Hill saw the maroon car drive away from the area.

Hill followed the car and activated his blue lights to initiate a traffic stop based on the improper tag. The driver, Sanders, did not stop. Instead, he drove through a stop sign and traveled on three different streets, which caused Hill to activate his siren. When it appeared that Sanders was ignoring the siren, another officer drove in front of Sanders' car and forced him to stop. Fearing Sanders would flee, Hill approached Sanders' car, told him to exit the car, handcuffed him, and informed him that he was under arrest for driving with an improper tag.

Before putting Sanders into the squad car, Hill noticed that he was chewing on something and asked him to spit it out. Sanders refused to do so, but nonetheless, continued chewing. Hill testified that he thought Sanders could have had evidence or something that might hurt him in his mouth. He suspected that it was crack cocaine because Sanders had been in a known drug area. After repeatedly asking Sanders to spit out what was in his mouth, Hill applied pressure to Sanders' jaw line with his left thumb and forefinger to make it uncomfortable for Sanders to swallow. Hill continued to ask Sanders to spit out what was in his mouth, and Sanders would not comply.

The officers guided Sanders to the ground, during which time Hill lost his hold on Sanders' neck. He reapplied it once Sanders was on the ground. Sanders eventually said that he had grass in his mouth and spit out a small plastic baggie. The baggie had been chewed through in several areas, but it still contained some white chalky material. The State Crime Lab later confirmed that the substance in the baggie was cocaine. Sanders filed a motion to suppress the cocaine, which the trial court denied.

On appeal, Sanders does not contest the lawfulness of the stop or Hill's right to conduct a search,[4] only the reasonableness of the

---

[3] *State v. Becker*, 240 Ga. App. 267, 268 (523 SE2d 98) (1999).

[4] Pursuant to OCGA § 17-4-23 (a), an officer may arrest a person accused of violating any law governing the licensing of motor vehicles. OCGA § 17-5-1 (a) provides that during the course of a lawful arrest, an officer may reasonably search the person arrested.

search. Specifically, Sanders contends that Hill's application of pressure to his jaw line violated his Fourth Amendment right to be free from unreasonable search and seizures. We reject Sanders' contention.

"[A] criminal suspect does not have a right to destroy evidence and the police are authorized to use reasonable but not excessive force in preventing the destruction or concealment of evidence."[5] In *Merriweather v. State*,[6] this Court sanctioned the use of the Heimlich maneuver to remove suspected contraband after the defendant swallowed it. In *Beck v. State*,[7] the police officer sprayed a chemical irritant into the suspect's eyes when he refused to spit a bag out of his mouth. This Court did not find unreasonable the use of the spray or the subsequent order, after Beck swallowed the bag, that he provide a urine sample and have his stomach pumped. Since we did not find unreasonable the use of the Heimlich maneuver in *Merriweather* or the stomach pump in *Beck*, where the suspects actually swallowed the contraband, we do not find that the effort used in this case to prevent Sanders from swallowing contraband was unreasonable.

We agree with the trial court's finding that Officer Hill's right to search the defendant upon arresting him encompassed the right to ask the defendant to empty his mouth of its contents. Furthermore, because Sanders' arrest was lawful, Hill was authorized to discover or seize any item that was unlawful to possess.[8] Though Hill did not know exactly what was in Sanders' mouth, Hill's suspicion that it may have been an unlawful item was reasonable under the circumstances. Sanders was in a known drug area. Sanders did not stop his car until forced to do so. Finally, Sanders refused to spit out what was in his mouth despite repeated requests that he do so.

There is no evidence in the record that Sanders was harmed by Hill's conduct. In fact, the record establishes that Sanders was able to communicate during the time that Hill was applying pressure to his jaw line. Accordingly, because there is enough evidence in the record to establish that the trial court's findings were not clearly erroneous, we affirm the trial court's denial of Sanders' motion to suppress.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

---

[5] (Citation and punctuation omitted.) *Merriweather v. State*, 228 Ga. App. 246, 248 (3) (491 SE2d 467) (1997).

[6] Id.

[7] 216 Ga. App. 532 (455 SE2d 110) (1995).

[8] OCGA § 17-5-1 (b).

DECIDED DECEMBER 6, 2000.

*Stepp & Randazzo, Glynn R. Stepp*, for appellant.
*Daniel J. Porter, District Attorney, Jennifer Kolman, Assistant District Attorney*, for appellee.