## A02A1738. PENLAND v. THE STATE.
### (574 SE2d 880)

RUFFIN, Presiding Judge.

A jury found Tommy Penland guilty of felony obstruction of an officer. Penland appeals, challenging the sufficiency of the evidence and the admission of purported hearsay. Finding the evidence sufficient and no error in the admission of evidence, we affirm.

1. On appeal from Penland's criminal conviction, he no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to support the jury's verdict.[1] So viewed, the evidence shows that Penland's convictions stemmed from a drug investigation being conducted by the Marietta Police Department's Crime Interdiction Unit. Officer Greg Stephenson, who was assigned to the unit, described it as one "that investigates street level narcotics, people that you see standing on the street corner selling or offering for sale illegal narcotics."

On January 15, 2000, the unit was monitoring a gas station, which was known by the police "as an open-air drug market." Stephenson had previously made approximately 100 arrests for drug deals at that location, and the police department continued to receive numerous complaints about transactions occurring there. On this occasion, Stephenson was sitting in an unmarked vehicle looking for suspected drug transactions. After observing what he thought was a drug transaction between an individual at the gas station and the occupant of a red Ford pickup truck, Stephenson radioed two nearby officers, Chabral and Sheppard, who were responsible for apprehending suspects in a marked patrol car. Stephenson informed the two officers about the suspected drug transaction and described the pickup truck and the race and gender of the driver, who was identified at trial as Penland.

---

[1] See *Baltazar v. State*, 254 Ga. App. 773 (564 SE2d 202) (2002).

Less than one minute later, Officers Chabral and Sheppard stopped the truck. Officer Sheppard approached Penland and asked for his driver's license and proof of insurance. While Penland was talking, Chabral and Sheppard noticed that Penland appeared to be concealing something in his mouth. According to Sheppard, people often conceal illegal substances in their mouth. Officer Sheppard then asked Penland if he had any contraband, and Penland said that he did not. Penland consented to be searched, and as he exited the truck, Officer Sheppard asked him to open his mouth. Sheppard testified that Penland complied, "[a]nd when he opened his mouth, . . . I observed a rock of suspected crack cocaine in his lower left cheek and gum area." Officer Sheppard then grabbed Penland's jaw to prevent him from swallowing the substance, pushed him against the truck, and ordered him to spit it out. Penland ignored Sheppard's order and started chewing and swallowing the substance. As the two struggled, Penland repeatedly attempted to knee Sheppard in the groin. Officer Chabral joined Sheppard in attempting to subdue Penland, who continued to struggle. Eventually, Chabral and Sheppard wrestled Penland to the ground and placed him in handcuffs.

On appeal, Penland asserts that this evidence was insufficient to sustain his conviction because it did not show "that the police officers were in the lawful discharge of their official duties."[2] According to Penland, the officers were not authorized to stop his truck because they lacked a reasonable, articulable suspicion that he was engaged in criminal conduct. We disagree.

The law governing the stop is well established.

A police officer is authorized to make a brief, investigatory detention of an individual where the intrusion can be justified by specific, articulable facts giving rise to a reasonable suspicion of criminal conduct. What is demanded of the police officer is a founded suspicion, some necessary basis from which the court can determine that the detention was not arbitrary or harassing.[3]

Officers Chabral and Sheppard had such basis for stopping Penland. Officer Stephenson observed Penland stop in an area known for drug activity and conduct what appeared to be a drug transaction.

---

[2] See OCGA § 16-10-24 (b) (defining felony obstruction of an officer); *Green v. State*, 240 Ga. App. 774, 775 (1) (525 SE2d 154) (1999) (providing that an essential element of obstruction is that "the officer was in the lawful discharge of his official duties at the time of the obstruction").

[3] (Punctuation omitted.) *Merriweather v. State*, 228 Ga. App. 246, 247 (1) (491 SE2d 467) (1997).

Stephenson conveyed this information to Chabral and Sheppard by radio.

> Although [Chabral and Sheppard] did not personally see any suspicious activity before [they] stopped [Penland], information which police transmit to one another, by any accepted means of communication, can provide sufficient grounds to create an articulable suspicion warranting reasonable cause to stop an automobile.[4]

Considering the information conveyed to Officers Chabral and Sheppard, and the fact that they observed and stopped Penland less than one minute later, there was sufficient evidence showing that the officers were authorized to stop him. This argument, therefore, has no merit.[5]

2. Penland next asserts that the trial court should not have allowed Officer Stephenson to refresh his memory of the incident using a report written by someone else. Contrary to Penland's argument, however, OCGA § 24-9-69, which "permits a witness to refresh and assist his memory by the use of any written instrument or memorandum . . . [,] does not require the written document so used to have been prepared by the witness, so long as the witness testifies from personal recollection."[6] Furthermore, Penland has not shown that he objected to Stephenson's use of the report at trial, and he cannot raise the objection for the first time on appeal.[7] Accordingly, this assertion is without merit.

3. Penland also claims that the trial court erred in allowing Officer Sheppard to testify that he was looking for a red pickup truck based on the description provided by Officer Stephenson. According to Penland, the testimony constituted inadmissible hearsay. Again, however, Penland has not shown that he raised this objection at trial, and we cannot now consider it on appeal.[8]

OCGA § 24-3-2 provides: "[w]hen, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." Although

---

[4] (Punctuation omitted.) *Arnold v. State*, 253 Ga. App. 307, 309 (1) (560 SE2d 33) (2002).

[5] See id.; *Merriweather*, supra. See also *Sanders v. State*, 247 Ga. App. 170, 171-172 (543 SE2d 452) (2000) (where evidence showed that defendant attempted to chew up contraband and officer grabbed his jaw to prevent him from swallowing it, we ruled that " '[a] criminal suspect does not have a right to destroy evidence and the police are authorized to use reasonable but not excessive force in preventing the destruction or concealment of evidence' ").

[6] (Punctuation omitted.) *Woods v. State*, 269 Ga. 60, 62 (3) (495 SE2d 282) (1998).

[7] See *Evans v. State*, 234 Ga. App. 337, 339 (2) (506 SE2d 681) (1998).

[8] See id.

our Supreme Court has ruled that, "only in rare instances will the conduct of an investigating officer need to be explained,"[9] this is such a case.

In establishing that Penland obstructed the officers, the State was required to prove that they were acting in the lawful discharge of their official duties at the time of the obstruction.[10] As stated above, the officers' stop must have been "justified by specific, articulable facts giving rise to a reasonable suspicion of criminal conduct."[11] The State thus needed Officer Sheppard to testify about the information he received from Officer Stephenson to explain his conduct in stopping Penland. Accordingly, the testimony was admissible as original evidence to explain that the officers were lawfully discharging their official duties.[12]

Finally, even if the testimony did not constitute original evidence under OCGA § 24-3-2, it still was not inadmissible hearsay. Officer Stephenson, the declarant, testified at trial and was subject to cross-examination. We have held that, under such circumstances, the statement attributed to the declarant is properly admitted.[13] We therefore affirm the judgment of the trial court.

*Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur.*

DECIDED DECEMBER 3, 2002.

*Frederick M. Scherma*, for appellant.
*Patrick H. Head, District Attorney, Jesse D. Evans, Amy H. McChesney, Assistant District Attorneys*, for appellee.

---

[9] *Brown v. State*, 274 Ga. 31, 36 (2) (549 SE2d 107) (2001).

[10] See *Green*, supra.

[11] (Punctuation omitted.) *Merriweather*, supra.

[12] See *Greene v. State*, 266 Ga. 439, 449 (25) (469 SE2d 129) (1996), overruled on other grounds, *Greene v. Georgia*, 519 U. S. 145 (117 SC 578, 136 LE2d 507) (1996).

[13] See *Armstead v. State*, 255 Ga. App. 385, 389 (3) (565 SE2d 579) (2002).