## A04A0786. WHITE v. THE STATE.
(598 SE2d 904)

RUFFIN, Presiding Judge.

A jury found Ralph White guilty of possessing cocaine. White appeals, asserting that insufficient evidence supports his conviction and that the trial court erred in denying his motion to suppress. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, "the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt."[1] Viewed in this manner, the evidence shows that, while on patrol on December 13, 2002, Officers Anthony Branham and Todd Moye of the Lowndes County Sheriff's Office drove onto residential property where individuals performed automotive work for the general public. According to Branham, the property was located in a known drug area.

The officers got out of their car and saw White in the yard. As they approached, White offered to wash and wax their car. Moye declined the offer and walked away. White, however, repeated his offer to Branham. While White was speaking, Branham noticed that White's left thumb and index finger were pinched together as if he were hiding something. White's behavior prompted Branham to inquire whether White had any drugs. White responded that he had a "nick weed," which is street language for a small amount of marijuana.

When Branham pointed to White's hand and asked if the marijuana was located between his fingers, White lowered his hand. Fearing that White would try to get rid of the drugs, Branham grabbed White's hand, and White dropped a piece of crack cocaine onto the ground. Branham testified that White was free to walk away from the conversation until White stated that he had a "nick weed." After White was arrested and read his *Miranda* rights,[2] he admitted that he owned the cocaine and that he had planned to exchange it for sex. White also admitted that he had a crack pipe in his pocket. A search of White's person produced the pipe.

Based on this and other evidence, the jury was authorized to find White guilty beyond a reasonable doubt of possessing cocaine.[3] Although White claims on appeal that the evidence was "not

---

[1] *Smith v. State*, 247 Ga. App. 173 (543 SE2d 434) (2000).

[2] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[3] See *Dodson v. State*, 244 Ga. App. 94, 95 (534 SE2d 815) (2000).

convincing," the jury, not this Court, weighs the evidence and determines witness credibility.[4]

2. White also contends that the trial court erred in denying his motion to suppress. In reviewing the trial court's ruling on this issue, we follow three principles:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to . . . upholding . . . the trial court's findings and judgment.[5]

On appeal, White argues that Branham illegally detained him by asking whether he had any drugs. He contends that the evidence obtained after the illegal detention, including the cocaine and all statements he made, should have been suppressed. We disagree.

To properly analyze this issue, we must determine the specific nature of the encounter between White and Branham at the time of Branham's initial questions. Three tiers of police-citizen encounters exist: "(1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief 'seizures' that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause."[6] In describing the difference between the first and second tiers, we have explained:

> In the first level, police officers may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave. The second tier occurs when the officer actually conducts a brief investigative *Terry* stop of the citizen. In this level, a police officer, even in the absence of probable cause, may stop persons and detain them briefly, when the officer has a particularized and

---

[4] See *Gaston v. State*, 257 Ga. App. 480, 482 (1) (571 SE2d 477) (2002).

[5] *State v. Shephard*, 248 Ga. App. 433 (546 SE2d 823) (2001).

[6] (Punctuation omitted.) *McClain v. State*, 226 Ga. App. 714, 716 (1) (487 SE2d 471) (1997).

objective basis for suspecting the persons are involved in criminal activity.[7]

Thus, a Fourth Amendment seizure "only occurs when, in view of all the circumstances surrounding the incident, a reasonable person believes that he is not free to leave."[8] The record supports the trial court's conclusion that no Fourth Amendment seizure resulted when Branham asked White whether he had any drugs. The evidence presented at trial and at the hearing on the motion to suppress shows that the officers drove into a place of business open to the general public and were asked by White if they needed a car wash.[9] Suspicious of White's behavior during the conversation, Branham inquired whether White had any drugs. According to Branham, White was free to walk away from the conversation at that point, and White has pointed to no evidence of coercion. Finally, although White suggests in his brief that the officers were not entitled to be on the property, he has offered no authority to support his apparent claim that the police may not enter the yard or parking area of a business open to the public and engage in a first-tier police-citizen encounter.[10]

Undoubtedly, Branham's encounter with White escalated to a second-tier stop when Branham grabbed White's hand.[11] But given White's statement regarding his possession of a "nick weed," Branham had reasonable suspicion at that point to suspect that White was involved in criminal activity.[12] And White does not argue on appeal that Branham illegally seized him by grabbing his arm. Instead, he focuses on his claim that he "was detained illegally . . . when Agent Tony Branham began asking questions about what [he] possessed."

As noted above, Branham's initial questions to White resulted in a first-tier encounter, rather than a detention subject to Fourth Amendment protection. Accordingly, the trial court properly denied White's motion to suppress.[13]

---

[7] (Punctuation omitted.) Id.

[8] State v. Folk, 238 Ga. App. 206, 207 (521 SE2d 194) (1999).

[9] See Jenkins v. State, 230 Ga. App. 166, 168 (1) (495 SE2d 647) (1998) (" 'In reviewing a trial court's decision on a motion to suppress, . . . all relevant evidence of record, including evidence introduced at trial, as well as evidence introduced at the motion to suppress hearing, may be considered.' ").

[10] Compare State v. Cates, 258 Ga. App. 673, 674-675 (574 SE2d 868) (2002) (physical precedent only) (officer's questioning of defendant in convenience store parking lot constituted a legal first-tier encounter); Folk, supra at 207-208 (same).

[11] See State v. Taylor, 226 Ga. App. 690, 691 (487 SE2d 454) (1997) (when officer "grabbed" defendant, encounter escalated to a seizure triggering Fourth Amendment protections).

[12] See OCGA § 16-13-30 (j) (1) ("It is unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana.").

[13] See Whisenant v. State, 239 Ga. App. 259, 260-261 (521 SE2d 204) (1999) (trial court

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED APRIL 27, 2004.

*Closson, Bass & Tomberlin, J. Michael Bass*, for appellant.
*J. David Miller, District Attorney, James B. Threlkeld, Assistant District Attorney*, for appellee.

properly denied motion to suppress when officer asked about drug possession during first-tier encounter); see also *Smith v. State*, 264 Ga. App. 533, 534 (1) (591 SE2d 442) (2003) (officer's approach of defendant on private property and questioning about nearby open beer bottles was a first-tier encounter).