### A05A1578. SMITH v. THE STATE.
(624 SE2d 272)

RUFFIN, Chief Judge.

A jury found Dexter Bernard Smith guilty of possessing cocaine and obstructing a law enforcement officer.[1] Smith appeals, challenging the sufficiency of the evidence supporting his cocaine conviction. He also argues that the trial court erred in denying his motion to suppress. We affirm.

1. "On appeal from a criminal conviction, 'the defendant no longer enjoys the presumption of innocence, and we view the evidence in [a] light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty

---

[1] Smith also was charged with possessing marijuana, but he pled guilty to that offense.

beyond a reasonable doubt.' "[2] Viewed in this manner, the evidence shows that, on November 1, 2003, Officer Matt Williams of the Newnan Police Department saw two men peeking around the corner of a vacant house. Williams approached the house, but the men had left, so he walked down a path behind the house looking for them. According to Williams, he wanted "to make sure everything was okay, that [the two men] weren't causing any problems in the area [since] it was a vacant house."

The path led to a pallet business owned by Smith. As Williams approached, he saw Smith and three other men standing in the pallet yard. Smith was smoking "something," and Williams smelled marijuana. Williams asked to see the substance in Smith's hand, which Smith had placed behind his back. Smith then twisted his hand and fingers as though trying to "break . . . up" the substance. Williams grabbed Smith's wrist, but Smith resisted and began struggling with Williams. During the struggle, Smith pulled a plastic bag out of his pocket and dropped it on the ground. With the help of two backup officers, Williams eventually managed to subdue Smith, handcuff him, and lay him on the ground.

The officers seized the plastic bag Smith dropped, which contained marijuana. Williams also discovered 28 small bags of crack cocaine under Smith's body when he rolled Smith over to search him for weapons and contraband.

Smith testified on his own behalf at trial. He admitted that he possessed marijuana, but denied possessing cocaine. Several witnesses present at the time of his arrest also testified that they never saw cocaine under Smith's body.

Smith argues on appeal that insufficient evidence supported his cocaine conviction because only one witness — Officer Williams — testified about cocaine under his body, while others did not see the contraband. Under Georgia law, however, the jury weighs the evidence and determines witness credibility.[3] And in this case, the jurors obviously believed Williams' testimony, as they were entitled to do.

Smith further argues that, even if Williams found cocaine under his body, the evidence "shows mere[ ] spatial proximity to [the] contraband," which cannot sustain a conviction. We disagree. Williams testified that, when he initially approached Smith, he did not see any cocaine on the ground or at Smith's feet. Other witnesses agreed that there was no cocaine on the ground before Smith's

---

[2] *White v. State*, 267 Ga. App. 200 (1) (598 SE2d 904) (2004).
[3] See id. at 201.

altercation with Williams. Given this evidence, the jury was authorized to conclude that Smith had control over and possessed the cocaine found underneath his body.[4]

2. Smith also argues that the trial court erred in denying his motion to suppress the evidence seized by police. In reviewing a trial court's ruling on a motion to suppress, we construe the evidence in a light favorable to the trial court's findings and judgment.[5] The trial court sits as the factfinder, and its factual findings must be affirmed if any evidence supports them.[6]

On appeal, Smith argues that Williams had no legitimate reason to be on his property, rendering the intrusion and any resulting seizure illegal. Again, we disagree. Construed favorably to the trial court's ruling, the evidence shows that Williams observed Smith smoking and smelled marijuana while walking on a path that led to Smith's business. The path apparently ran through several properties, including Smith's commercial property, and the record does not establish whether Williams was on Smith's land when he made these observations. Williams testified, however, that local residents regularly traveled on the path. Under these circumstances, Smith had no reasonable expectation of privacy in the area visible from the path, even if it passed through his property.[7]

Williams' presence on the path, therefore, does not raise Fourth Amendment concerns.[8] And Williams' observations from such location certainly authorized him to approach, question, and even temporarily detain Smith based on a reasonable suspicion of criminal activity.[9] Moreover, once Williams saw Smith in possession of — and attempting to destroy — suspected marijuana, probable cause authorized the search of Smith's hand and his arrest, after which

---

[4] See *Helton v. State*, 271 Ga. App. 272, 274 (a) (609 SE2d 200) (2005).

[5] See *White*, supra at 201 (2).

[6] See id.

[7] See *Espinoza v. State*, 265 Ga. 171, 172 (2) (454 SE2d 765) (1995) ("[T]he Fourth Amendment's protection depends on whether a person has a reasonable expectation of privacy."); *Gravley v. State*, 181 Ga. App. 400, 403 (352 SE2d 589) (1986) ("[T]he application of the Fourth Amendment depends on whether the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded.") (punctuation omitted); see also *White*, supra at 202 (officer authorized to enter yard or parking area of business open to the public to speak with and – given facts raising reasonable articulable suspicion of criminal activity – briefly detain defendant).

[8] See *State v. Almand*, 196 Ga. App. 40, 41 (395 SE2d 609) (1990) (because defendant invited off-duty police officer into her apartment to perform maintenance work, she had no reasonable expectation of privacy, and his observation of contraband in plain view did not constitute a Fourth Amendment violation).

[9] See *White*, supra; see also *Patman v. State*, 244 Ga. App. 833, 835-836 (537 SE2d 118) (2000) (the smell of marijuana on defendant gave officer reasonable suspicion to believe that defendant had recently smoked marijuana, permitting brief detention).

Williams discovered the cocaine on the ground.[10] Accordingly, the trial court properly denied the motion to suppress.[11]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 6, 2005.

*Ricardo G. Samper*, for appellant.

*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.

---

[10] See *Merriweather v. State*, 228 Ga. App. 246, 247 (1) (491 SE2d 467) (1997); see also *Sanders v. State*, 247 Ga. App. 170, 172 (543 SE2d 452) (2000) (" 'A criminal suspect does not have a right to destroy evidence and the police are authorized to use reasonable but not excessive force in preventing the destruction or concealment of evidence.' ").

[11] See *Merriweather*, supra.